**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRETT F. JOHNSTON,<br><br>Plaintiff,<br><br>v.<br><br>PINNACLE RECOVERY, INC.,<br><br>Defendant. | Case No.  3:21-cv-08894<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ.*<br><br>2.   VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 *ET SEQ.***<br>JURY TRIAL DEMANDED |

**NOW COMES** GARRET F. JOHNSTON ("Plaintiff"), by and through his undersigned counsel, complaining as to the conduct of Defendant PINNACLE RECOVERY, INC., ("Defendant") as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA)", Cal. Civ. Cide §1788 *et seq.*

### JURISDICTION AND VENUE

2.      Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

4.      Garrett F. Johnston ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in San Anselmo, California.

5.      Pinnacle Recovery, Inc. ("Defendant") maintains its principal place of business in Carlsbad, California.

## FACTUAL ALLEGATIONS

6.      At some point, Plaintiff received a personal loan through LoanMe, Inc.

7.      Unfortunately, due to unforeseen circumstances, Plaintiff was unable to fulfill his obligation to LoanMe, Inc., leaving an outstanding balance of approximately $4,000 ("subject debt").

8.      On November 2, 2021, Plaintiff spoke with his daughter, Claire, who stated that Defendant was contacting her and leaving her voicemails.

9.      In these voicemails, Defendant was requesting to speak with Claire regarding information pertaining to Plaintiff.

10.     Infuriated that Defendant called his daughter, Plaintiff placed a call to Defendant.

11.     During this phone call, Plaintiff inquired why Defendant was contacting his daughter.

12.     In response, Defendant's representative failed to answer Plaintiff's questions and instead continued to ask about the subject debt.

13.     Plaintiff advised Defendant that he no longer wanted Defendant to contact his daughter.

14.     During this conversation, Defendant's representative also admitted that Defendant had contacted at least seven other people to gather information on Plaintiff.

15.     Plaintiff also stated that he would like a direct contact with whom he could discuss the matter in the future.

16.     Plaintiff was then transferred to a supervisor named David Collins ("Collins").

17.     On the same day as Plaintiff's conversation with Defendant - and specifically Collins – Collins again placed a phone call to Claire and left her a voicemail.

18.     Upset with Defendant's conduct, Plaintiff hired counsel to assist with this matter.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

19.     Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

20.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

21.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of defaulted debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

### a.  Violations of FDCPA § 1692b

22.     Section 1692b(3) of the FDCPA prohibits a debt collector from contacting a third party on more than one occasion.

23.     Defendant violated §1692b(3) when it contacted Plaintiff's daughter, Claire, on more than one occasion.

24.     Specifically, after Defendant had placed one phone call to Claire, it had no further right to place additional calls to Claire, as the FDCPA only allows one phone call regarding information pertaining to a consumer.

### b.  Violations of FDCPA §1692d

25.      Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which it to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

26.      Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

27.      Defendant violated §§1692d and d(5) by placing collection calls to Claire after Plaintiff demanded that Defendant stop contacting his daughter.

28.      Defendant's conduct in systematically placing unwanted calls to Claire's phone number is inherently harassing and abusive.

29.      Defendant's collection calls to Claire were made with the specific intent of embarrassing Plaintiff and coercing him into making a payment on the subject debt.

30.      The fact that Defendant knowingly placed calls to Claire after Plaintiff demanded that that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff and his daughter.

**WHEREFORE**, Plaintiff, GARRETT F. JOHNSTON, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Enjoin Defendant from continuing to contact Plaintiff;

c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. Award any other relief as the Honorable Court deems just and proper.

## COUNT II
**Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §1788 *et. seq.*)**

31.     All paragraphs of this Complaint are expressly adopted and incorporated as though fully set forth herein.

32.     Plaintiff is a "person" as defined by Cal. Civ. Code §1788.2(g).

33.     Defendant is a "debt collector" as defined by Cal. Civ. Code §1788.2(c) because it regularly engages in debt collection in its ordinary course of business.

34.     Pursuant to §1788.17 of the RFDCPA, a debt collector must comply with the provisions set forth in §§1692b-1692j of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et. seq*. Cal Civ. Code §1788.17.

35.     As pled above, Plaintiff and his daughter were harmed by Defendant's unfair collection practices.

36.     Pursuant to Cal. Civ. Code §1788.17, by violating §§1692c of the FDCPA, Defendant also violated the RFDCPA.

**WHEREFORE,** Plaintiff, GARRETT F. JOHNSTON, prays for the following relief:

A.     A finding that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act;

B.     An award of actual damages;

C.     An award of statutory damages;

D.     An award of Plaintiff's reasonable attorney's fees and costs;

E.     An award of any other relief this Honorable Court deems just and appropriate

**Plaintiff demands trial by jury.**

Dated: November 17, 2021                                  Respectfully Submitted,

                                                         **GARRETT F. JOHNSTON**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com